McGuigan vs. The Town of Belmont.

McGuigan, Appellant, vs. The Town of Belmont, Respondent.

*February 9 — March 5, 1895.*

*Excise laws: Amount of license: Repeal of statute.*

Ch. 286, Laws of 1893, did not change the amount to be paid for a license as previously fixed by an election pursuant to ch. 296, Laws of 1885.

Appeal from an order of the circuit court for La Fayette county: Geo. Clementson, Circuit Judge. *Affirmed.*

The complaint alleges, in effect, that September 20, 1892, the defendant town then had, and now still has, within its limits, an unincorporated village known as the village of Belmont, which at the times hereinafter mentioned had a population less than 500 residing therein, as shown by the last preceding census; that September 20, 1892, an election was held in said town for the purpose of establishing the amount of money to be paid for license for the sale of intoxicating liquors at retail in quantities less than a gallon, to be drunk upon the premises, for the next ensuing year or years, or until changed; that at the said election the amount to be paid for a license to so sell at retail was established to be the sum of $250; that July 3, 1893, the plaintiff applied to the town board for a license to continue the saloon business at retail, to be so drunk upon the premises, and tendered to the town treasurer, for such license, $100, together with a bond, as required by law, which bond was approved by the town board, but the board refused to grant such license unless the plaintiff would pay $250, which the board claimed to be the amount required for such license, but the board promised and agreed with the plaintiff that if he would deposit in the town treasury the sum of $250 the defendant would repay to the plaintiff any part thereof in excess of $100, over and above what the legal license fee

McGuigan vs. The Town of Belmont.

might be determined to be by the court, with interest at the rate of five per cent. per annum; that in consideration of said agreement the plaintiff paid into and deposited in the town treasury the sum of $250, and said license was thereupon issued to him by the town.

October 28, 1893, the plaintiff commenced this action to recover, as such excess, $150, with interest thereon at the rate of five per cent. from July 3, 1893. From an order sustaining a demurrer to the complaint the plaintiff appeals.

For the appellant there was a brief by *Hogan & Campbell,* attorneys, and *Wilson & Martin,* of counsel, and the cause was argued orally by *J. T. Hogan.* They contended, *inter alia,* that ch. 296, Laws of 1885, was repealed by ch. 286, Laws of 1893. The latter act provides that sec. 1548, R. S., "as amended by . . . ch. 296, Laws of 1885, is hereby amended so as to read as follows." This was a repeal of the statute so amended. *State v. Ingersoll,* 17 Wis. 631; *Goodno v. Oshkosh,* 31 id. 127; *Sydnor v. Palmer,* 32 id. 406. The vote in the town taken under the repealed statute became null and void by such repeal, and the amount to be paid for license after such repeal was the same as if no vote had been taken.

For the respondent there was a brief by *Orton & Osborn,* and oral argument by *P. A. Orton.*

CASSODAY, J. At the election for the purpose, held September 20, 1892, pursuant to ch. 296, Laws of 1885 (secs. 1548–1548*b*, S. & B. Ann. Stats.), the retail license for the sale of intoxicating liquors was established by the electors of the town at $250 annually. Sec. 3 of that act continued that amount for at least three years. Sec. 1548*b*. Ch. 247, Laws of 1889, provides, in effect, that "the sum fixed by the electors at such election shall be the sum to be paid for license in such town, city, or village, until an election is again held in the manner provided" in said ch. 296, Laws of 1885, "and a different amount fixed at such subsequent election."

McGuigan vs. The Town of Belmont.

Sec. 1548c, S. & B. Ann. Stats. Sec. 1548, R. S., as previously amended, was modified in some minor particulars by sec. 1, ch. 286, Laws of 1893; but the principal changes made by that section were to change the time for the meeting of the board from the third Tuesday of April to the third Monday of June, and to change the time when such licenses should expire from the first Tuesday in May to the first Tuesday of July, and to do away with the distinction which previously existed between wholesale and retail licenses. Sec. 2, ch. 286, Laws of 1893, provides that "all licenses for the sale of intoxicating liquors, heretofore granted according to law and expiring by the terms thereof on the first Tuesday of May next, may be extended by the several boards and common councils until the first Tuesday of July following, conformably to the provisions of this act, upon the payment of the *pro rata* proportion of the annual license fees, and upon the terms, conditions and in the manner provided for in section 1 of this act." There is nothing in ch. 286, Laws of 1893, indicating a purpose to repeal the provision in sec. 3, ch. 296, Laws of 1885, nor the provisions of ch. 247, Laws of 1889, mentioned. It follows that there is nothing in ch. 286, Laws of 1893, which changed the amount of the license, as previously fixed and established by the voters of the town; and there is no claim that the amount so fixed and established September 20, 1892, was ever thereafter changed by a new election.

It follows that the plaintiff only deposited in the town treasury the amount necessary to pay for his license, and hence there is no excess to be recovered. There are other objections to the complaint, both as to the form and the substance, unnecessary here to consider.

*By the Court.*— The order of the circuit court is affirmed.